**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| EDWARD F. GRODEN, EXECUTIVE DIRECTOR ) <br> of the NEW ENGLAND TEAMSTERS AND ) <br> TRUCKING INDUSTRY PENSION FUND ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ANTHONY JULIAN RAILROAD ) <br> CONSTRUCTION COMPANY, INC., ) <br> ) <br> Defendants. ) | **C.A. No.:** |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. § 1381 et. seq., brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and ERISA § 4301, 29 U.S.C. § 1451.

3. Plaintiff, Edward F. Groden, is the Executive Director of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Pension Fund has its principal office at and is administered from One Wall Street, Burlington, MA 01803.

4. At all material times, Defendant Anthony Julian Railroad Construction Company, Inc. ("Julian Railroad") is a Connecticut corporation with a principal place of business at 155 Burr Street, Fairfield, CT 06824.

5. Julian Railroad has been an "employer" within the meaning of ERISA § 3(5) 29 U.S.C. § 1002(5) and is an employer in an industry affecting commerce within the meaning of ERISA § 3(5), 29 U.S.C. § 142(1) and § 152(2), (6) and (7).

6. Teamsters Local Union No. 191 is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

7. Teamsters Local Union No. 677 is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

8. At all material times, Julian Railroad was obligated by the terms of one or more collective bargaining agreements between it and Teamsters Local Unions Nos. 191 and 677, and by the terms of an Agreement and Declaration of Trust to which Julian Railroad was bound to make contributions on behalf of certain employees to the Pension Fund.

9. On or about September 1, 2017, Julian Railroad permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

10. By letter dated September 11, 2017, the Pension Fund notified Julian Railroad that it had withdrawn and demanded payment of Julian Railroad's proportionate share of the Pension Fund's unfunded vested benefit liability.

11. In demanding payment of Julian Railroad's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $2,336,640 or, alternatively,

payment pursuant to a schedule the first payment of which was due to be made on November 11, 2017.

12. Julian Railroad failed to make any payments on or before November 11, 2017.

13. By letter dated September 20, 2017, Julian Railroad requested review of the withdrawal liability assessment.

14. By letter dated October 3, 2017, the Pension Fund responded to Julian Railroad's request for review pursuant to Section 4219 of ERISA, 29 U.S.C. § 1399(b)(2).

15. Defendant Julian Railroad has failed to make any withdrawal liability payments to the Fund.

16. Defendant Julian Railroad has not initiated timely arbitration of any dispute concerning the Pension Fund's demand.

17. Defendant Julian Railroad has defaulted on its obligation to make withdrawal liability payments to the Pension Fund pursuant to 29 C.F.R. § 4219.31 (c)(1)(ii).

18. Defendant Julian Railroad owes the full amount of the withdrawal liability.

WHEREFORE, plaintiff demands that judgment enter against Defendant Julian Railroad in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

    a. Withdrawal liability in the amount of $2,336,640.00;

    b. interest on the delinquent monthly payment of withdrawal liability from the date the first payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

| | |
|---|---|
| Dated: February 7, 2020 | Respectfully submitted, |
| | Melissa A. Brennan, Esq.<br>BBO # 669489<br>Catherine M. Campbell, Esq.<br>BBO # 549397<br>**Feinberg, Campbell & Zack, PC**<br>177 Milk Street, Suite 300<br>Boston, MA 02109<br>Tel.: (617) 338-1976<br>mab@fczlaw.com |
| | /s/ Melissa A. Brennan<br>Attorney for Plaintiff,<br>Edward F. Groden |

## CERTIFICATE OF SERVICE

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, this date, to the United States Secretaries of Labor and Treasury and the Pension Benefit Guaranty Corporation.

| | |
|---|---|
| Dated: February 7, 2020 | /s/ Melissa A. Brennan<br>Melissa A. Brennan, Esq. |